UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-89-CLC-SKL |
| | ) | |
| $23,201.25 in United States Currency, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is a motion for default judgment and final order of forfeiture in the amount of $23,201.25 (the "Defendant Property") filed by Plaintiff United States of America (the "government") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure [Doc. 24]. On September 8, 2014, this matter was referred to the undersigned "to determine the amount of damages" pursuant to 28 U.S.C. 636(b)(1)(B) and (C) [Doc. 26].

**I.    BACKGROUND**

On May 15, 2014, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against Ishaan Al-Amin ("Al-Amin") for his failure to timely file a claim as provided by Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure ("Rule G") for the Defendant Property [Doc. 23]. Plaintiff's motion for a default judgment and final order of forfeiture was filed May 22, 2014. On May 27, 2014, Al-Amin filed a letter in response to the motion for default judgment [Doc. 25], which the Court construed as a motion for an extension of time to respond to the motion for default judgment. An Order was entered on September 12, 2014 requiring Al-Amin to file his response to the motion for default judgment on or before October 10, 2014 [Doc. 27]. The Order

was sent to Al-Amin both by mail and email at the addresses provided. As of October 16, 2014, no response to the motion for default judgment had been received by the Court. Thus, on October 16, 2014, the Court ordered Al-Amin to, within 10 days, file a response to show cause why he did not respond to the motion for default judgment and why a default judgment should not be entered against him [Doc. 28]. Subsequently, on October 24, 2014, Al-Amin filed a letter, which has been construed as a motion requesting additional time, until October 31, 2014, to respond to the show cause order [Doc. 29]. The government filed no opposition to the motion for an extension of time, and Al-Amin submitted a response, which was received for filing on November 3, 2014 [Doc. 30].[1] Subsequently, the government filed a motion to strike the response [Doc. 31].

## II. ANALYSIS

Rule G governs proper procedure in a forfeiture action. Under Rule G, after a verified complaint in rem is filed, the government must publish "notice of the action within a reasonable time after filing the complaint or at a time the court orders." Fed. R. Civ. P. Supp. R. G(4)(a)(i). Additionally, the notice must: "(A) describe the property with reasonable particularity; (B) state the times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. R. G(4)(a)(ii). Finally, the notice must be published either "(A) once a week for three consecutive weeks; or (B) only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published on an official internet government forfeiture site for at least 30 consecutive days, or in a newspaper of general circulation for three consecutive weeks in a district where publication is authorized under Rule G(4)(a)(iv)." Fed. R. Civ. P. Supp. R. G(4)(a)(iii).

The mechanics of Rule 55 of the Federal Rules of Civil Procedure concerning default also

---

[1] Al-Amin's unopposed motion for an extension of time [Doc. 29] will be **GRANTED** *nunc pro tunc*.

2

apply here. "A federal civil in rem forfeiture action draws from several procedural sources. The claim origin is statutory . . . . The particular framework of the amended Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs specific pleading and claim mechanics. However, the federal rules generally continue to apply except where inconsistent with the Supplemental Rules." *United States v. $64,495.00 in U.S. Currency*, No. 5:13-CV-265-REW, 2014 WL 5432119, at *2 (E.D. Ky. Oct. 27, 2014) (citations omitted).

The government's verified complaint *in rem* sought forfeiture of the amount of the Defendant Property ($23,201.25 in U.S. currency seized on April 15, 2010 during the execution of a federal search warrant) alleging it was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it constituted moneys, furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. §§ 841 and 846, or proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or 21 U.S.C. § 846. The government has met the procedural requirements of Rule G by serving written notice of this forfeiture action on both Al-Amin and his counsel and by publishing notice of this action for 30 consecutive days on an official government forfeiture internet site beginning on January 24, 2014 and ending on February 22, 2014 [Docs. 18, 19, 21 & 24]. Thus, the latest date permitted under Rule G(5) for anyone asserting a claim was May 3, 2014, but because Al-Amin received direct notice, the deadline for him to file a claim was March 17, 2014 (35 days after notice was sent). *See* Fed. R. Civ. P. Supp. R. G (5)(a)(ii). Despite this, no timely claims were filed against the Defendant Property, and the time to file claims has expired.

Once a default is entered, as was entered here, entry of default judgment for the amount and costs against a defendant without further proof of damages is proper if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(b); *Citizens*

3

*Bank v. Parnes*, 376 F. App'x. 496, 506 (6th Cir. 2010); *Hernandez v. Detroit-Wayne Cnty. Cmty. Mental Health Agency*, No. 2:11-CV-10407, 2011 WL 5995260, at *1 (E.D. Mich. October 21, 2011). In this case the government's claim for damages is a sum certain, thus I conclude no evidentiary hearing is necessary. The government brings this action *in rem* to forfeit and condemn the Defendant Property and sets out in its verified complaint the jurisdiction, the venue, and the basis to seize the Defendant Property. In addition, the procedural requirements which must be satisfied before default judgment can be entered in the government's favor are set out in its motion for default judgment [Doc. 24], which is supported by a sworn affidavit [Doc. 24-1].

A claimant who fails to strictly comply with the procedural requirements of forfeiture actions in rem lacks the statutory standing to challenge the forfeiture action. Rule G requires that a "person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Fed. R. Civ. P. Supp. R. G(5)(a). A person filing a claim must also file an answer to the complaint. Fed. R. Civ. P. Supp. R. G (5)(b). Strict compliance with the rules is generally required. *See United States v. $27,601.00 U.S. Currency*, 800 F. Supp. 2d 465, 467 (W.D.N.Y. 2011) ("Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, his claim may be stricken for lack of statutory standing."). "[C]ourts are authorized to strike the claim and/or answer of any claimant who fails to follow the [Supplemental] Rules' procedural dictates." *United States v. $22,226.25 in Interbank FX Account No. xxx0172*, 763 F. Supp. 2d 944, 948 (E.D. Tenn. 2011) (second alteration in original) (citations and internal quotation marks omitted).

While a district court has discretion to excuse noncompliance and allow an extension of the filing deadlines, there is no valid reason to do so in this case. Al-Amin's answer was due months ago and he was notified of his obligation to file an answer on multiple occasions. Although

4

Case 1:11-cv-00089-CLC-SKL   Document 34   Filed 11/19/14   Page 4 of 6   PageID #: 110

Al-Amin is proceeding *pro se* in this matter, he is represented in criminal proceedings wherein he entered a plea agreement specifically agreeing to forfeit to the government his interest in the Defendant Property and agreed not to object to the civil forfeiture action brought against the Defendant Property. *See* Amended Plea Agreement at ¶ 11 United States v. Ihsaan Al-Amin, No. 1:12-cr-50 (E.D. Tenn. Nov. 18, 2013) Doc. 63; Amended Plea Agreement at ¶ 11 United States v. Ihsaan Al-Amin, No. 1:13-cr-130 (E.D. Tenn. Nov. 18, 2013) Doc. 8. In addition, "procedural default need not be excused merely because the claimant is proceeding *pro se*." *$22,226.25 in Interbank FX Account No. xxx0172*, 763 F. Supp. 2d at 948 (citations omitted). At best, Al-Amin has belatedly filed what appears to be a response to the order to show cause and motion for default judgment without first asserting a claim or filing an answer. Al-Amin's response does not address the pertinent issues at hand; instead, it appears to be some sort of attempt to claim innocence subsequent to the entry of his guilty plea.

A primary purpose of Supplemental Rule 5(G) is to ensure efficiency in resolving forfeiture proceedings. *Id.* at 947-49 (holding that, although the United States had not identified financial prejudice associated with granting the claimants additional time to comply with the requirements, it was not prudent to excuse the procedural default when the action had been pending "for some time" and the claimants were on notice of the requirements). I conclude the government has fulfilled the necessary requirements to obtain a default judgment.

**III.    CONCLUSION**

Accordingly, I **RECOMMEND**[2] that a default judgment be entered in favor of the government against the Defendant Property, in the amount of $23,201.25. Under these circumstances, it is not necessary to further address the government's motion to strike the response [Doc. 31].

The Clerk is **DIRECTED** to both mail and email this order to Al-Amin at the addresses provided in his letter [Doc. 25].

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).